[No. 7,098.—In Bank.]
May 13, 1882.

## J. M. SOTO ET AL. *v.* SAMUEL IRVINE.

NEW TRIAL—EJECTMENT—POSSESSION—SUFFICIENCY OF FINDINGS—DECIS-
ION AGAINST LAW.—In an action of ejectment issue was taken on the
allegation of possession by defendant at the commencement of the ac-
tion, and on this issue evidential facts were found by the Court, but not
the ultimate fact of possessed or not possessed.

*Held :* There being no finding on this issue the decision of the Court below
was against law, and a new trial was rightly granted.

APPEAL from an order setting aside a judgment for defend-
ant and granting plaintiff's motion for a new trial in the Su-
perior Court of the County of Monterey. ALEXANDER, J.

The findings of the Court as to the possession of the de-
fendants were as follows:

"6. In the month of February, 1878, the defendant, with
others, entered upon said tract and planted trees, and culti-
vated portions of the same.

"This entry and these acts were by them performed as cit-
zens for the purpose of maintaining and improving the same
as a public square, and not as pretending or asserting any
private ownership or control of the same. The defendant
and those so associated with him, were and are citizens of the
town of 'Santa Rita,' and residents of said place.

" 7. The plaintiff forbid them planting said square, or en-
tering upon the same, or in any way interfering with the same.
All of which notices and warnings defendant wholly disre-
garded."

*Webb & Wall* and *W. H. Collins*, for Appellant.

An error upon the face of the judgment may be taken ad-
vantage of by appeal from the judgment. Can a party upon
a motion for a new trial in the absence of either statement,
affidavits or bill of exceptions, made, served and settled in the
manner required by law, fall back upon some error upon the
face of the judgment roll, having failed to appeal from the
judgment or to have directed either the Court or his opponent
to the alleged error ? We contend not.

New trials as such are granted, for matters *dehors* the record. Motions in arrest of judgment, or appeals from same, are on the other hand for matters appearing upon the face of the record. (Hilliard on New Trials, Second Edition, 20, 39.)

Admitting for the sake of argument a fact which under the statement in this case we do not concede, that the Court can look at the findings and judgments thereon for the purpose of discovering error, as between the two we find neither discrepancy or error.

Grounds of error other than those assigned are considered abandoned. (*Beans* v. *Emanuelli et al*, 36 Cal. 117; *People* v. *C. P. R. R. Co.*, 43 id. 399; *Hawkins* v. *Abbott et al.*, 40 id. 639.)

*R. M. F. Soto*, for Respondents.

How the motion for a new trial is to be made, see C. C. P. § 658. But we respectfully maintain that when the decision (findings of fact and conclusions of law) is upon its face against law, no statement or bill of exceptions is necessary; for the motion on that ground would derive no support from the statement or bill, and the omission to have any statement or bill of exceptions or any specifications therein showing wherein the decision is against law, raises no presumption that that ground is waived. (*Putnam* v. *Lamphier*, 36 Cal. 151–8; *Morley* v. *Elkins*, 37 id. 454–7; *S. P. R. R. Co.* v. *Superior Court, Kern Co.*, 8 P. C. L. J. 1015; *People* v. *Maguire*, 26 Cal. 641.)

A motion for a new trial is merely a remedy (*Kelly* v. *Larkin*, 47 Cal. 58), and is governed by the Practice Act, (C. C. P.) which being entirely remedial (*Hastings* v. *Cunningham*, 39 Cal. 142), must be liberally construed so as to "bring within its scope every case which comes clearly within its spirit and policy." (*Wallace* v. *Moody*, 26 Cal. 392; *Cormerais* v. *Genella*, 22 Cal. 125; *Kent* v. *Laffan*, 2 Cal. 596; C. C. P. § 4.)

The Legislature has said that when the decision (the findings of fact and conclusions of law—C. C. P., Secs. 632–3) is against law, the party complaining on that ground shall have a new trial (C. C. P., Sec. 657, Subd. 6), though he may concede, we claim, that all the facts as found are sustained by the evidence. That may not be the ancient rule; but the

Legislature has power to provide and alter the procedure and remedies. (*People* v. *Supervisors*, 70 N. Y. 229.)

The Court:

In this cause, which is ejectment, issue was taken on the allegation of possession by defendant of the premises sued for when the action was commenced. On this issue there is no finding by the Court below. There should have been a finding on all the issues. The Court should have found whether defendant was possessed of the parcel of land sued for or not. Evidential facts were found by the Court, and not the ultimate fact of possessed or not possessed. There being no finding on this issue, the decision of the Court below is against law. The cause should for this reason be retired.

The order granting a new trial is therefore affirmed.

---

[No. 10,755.—Morrison, C. J.]
May 13, 1882.