[No. 15279.   Department Two.—June 13, 1894.]

DAVID T. PIERCE, RESPONDENT, v. A. A. WILLIS
ET AL., APPELLANTS.

NEW TRIAL—DECISION AGAINST LAW—CONCLUSIONS OF LAW FROM FACTS
FOUND—REVERSAL OF ORDER.—The trial court is not authorized to
grant a new trial upon the ground that the conclusions, from the facts
found, are a decision against law, and an order granting a new trial upon
that ground will be reversed upon appeal.

MECHANICS' LIENS—CLAIMS NOT FILED IN TIME—FINDING—CONCLUSION
OF LAW.—A statement among the conclusions of law that as a conclu-
sion from the preceding findings of fact "the liens of the plaintiffs and
each of them were not filed within the time required by law" is a con-
clusion of law, and not a finding of fact.

APPEAL from an order of the Superior Court of the
City and County of San Francisco granting a new trial.

The facts are stated in the opinion.

*W. S. Goodfellow,* for Appellants.

*Morrison & Foerster, Constantine E. A. Foerster, Parker
& Eells,* and *William H. Jordan,* for Respondent.

TEMPLE, C.—This is an appeal from an order granting
a new trial to plaintiff.   Five actions brought to fore-
close mechanics' liens were consolidated and tried under
the above title.   Upon the trial the truth of all the alle-
gations of the complaint were admitted except as to
attorneys' fees.   The contract under which the work was
contracted to be done was read in evidence, and from it,
and the admissions, the court found in substance: That
the contract which is annexed to the findings was duly
filed in the recorder's office of the city and county of
San Francisco, but that "no plans, drawings, or specifi-
cations were at any time filed with said contract, or at
all, nor were any plans, drawings, or specifications ever
at any time annexed to said instrument."

That defendant Willis, who had contracted to con-
struct said building with defendant Birkholm, aban-
doned the building and contract June 12, 1889, and

failed to complete the same, and more than thirty days before the filing of plaintiffs'. claims of lien, or any of them, ceased from labor upon said unfinished and uncompleted contract; nor was labor ever resumed thereon by him or any person representing him; but defendant Birkholm, within thirty days after Willis had abandoned the contract, commenced work upon the building, and completed the same on the twentieth day of August, 1889.

As conclusion of law the court found that the liens were not filed in time, and that plaintiffs take nothing by their action, and defendant Birkholm recover his costs.

Among the allegations of the complaint is one that the building was fully completed on the twentieth day of August, 1889, and another that the notice of lien was filed September 18, 1889. Plaintiff moved for a new trial, stating in his notice of intention all the statutory grounds.

The statement contains the contract and the admissions. The only specifications of error are as follows:

"Plaintiffs specify the following particulars in which the decision of the court in this cause was against law:

"The findings show that the contract entered into between defendant Birkholm and defendant Willis provided for the construction of a structure of which the only description is as follows: A 'two-story dwelling-house and shed,' and said structure was to be built 'in conformity with the plans, drawings, and specifications for the same made by Chas. S. Shaner, the authorized architect employed by the owner, and which are signed by the parties hereto,' . . . . and that 'the specifications and drawings are intended to co-operate so that any work exhibited in the drawings and not mentioned in the specifications, or *vice versa*, are to be executed the same as if both mentioned in the specifications and set forth in the drawings, to the true intent and meaning of the said drawings and specifications when taken together,' and said findings furthermore show that the

said plans, drawings, and specifications so referred to in said contract were never filed in the office of the county recorder of the city and county of San Francisco.

"Said findings also show that the only description in said instrument of the property upon which said building was to be constructed was as follows: 'A lot of land situate in the city of San Francisco, county of San Francisco, state of California, and described as follows: The south side of Twentieth street, between Dolores and Guerrero streets.'

"It therefore appears from said findings that no contract between said Birkholm and the said Willis, neither any memorandum of such, was ever filed in the office of the said county recorder, from which it follows that the alleged contract was void; and it appearing that plaintiffs' liens were filed within less than thirty days from and after the completion of said building by Birkholm, they were therefore filed within the time required by law, and the decision of the court that plaintiffs' liens, and each of them, were not filed within the time required by law, and that plaintiffs are entitled to take nothing by their action against the said defendant Birkholm, and that the said defendant Birkholm is entitled to judgment for his costs, is therefore against law."

Appellant contends that the order granting a new trial should be reversed, because the court was not authorized to grant a new trial upon the ground that the conclusions, from the facts found, are against law. That is, that the judgment is not supported by the findings of fact. (*Brison* v. *Brison*, 90 Cal. 323.)

Respondent's counsel admit the rule, but contend that in their motion for a new trial they do attack the findings. They say: "We consider ourselves aggrieved by the finding 'that the liens of the plaintiffs, and each of them, were not filed within the time required by law.'" This is an extract from the conclusion of law, and in the specifications of error it is stated argumentatively that the conclusion is shown by the facts found to be against law.

The entire conclusion of law is set forth in the specifications as the decision which is against law. There can be no claim that the conclusion of law is really a finding of fact. It simply indicates the judgment to be entered, and it is expressly stated that it is a conclusion from the preceding findings of fact.

The preceding findings show when the contract was abandoned, when the building was completed, and the undenied allegation in the complaint shows when the liens were filed. These are all the facts upon which plaintiff based his contention that the decision was against law. There is no other material fact which could be found in his favor if a new trial were had.

If the court can change the conclusion from the above facts, that the liens were not filed in time, into a finding of fact, still, it would be a fact to be determined solely from the above facts, all of which are admitted and found.

The order must be reversed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed.

FITZGERALD, J., DE HAVEN, J., McFARLAND, J.