[No. 15196.   Department Two.—June 15, 1894.]

WESTERN GRANITE AND MARBLE COMPANY, RESPONDENT, *v.* EUGENE KNICKERBOCKER ET AL., APPELLANTS.

| 103 | 111 |
|-----|-----|
| 118 | 343 |
| 103 | 111 |
| 120 | 490 |

EASEMENT FOR LIGHT AND AIR—USER—OWNERSHIP OF ADJOINING LOT. The doctrine that a proprietor of land may by user acquire an easement over adjoining land for the passage of light and air does not prevail in this country, and merely owning the adjoining lot cannot give the proprietors such an easement.

ID.—POWER OF LEGISLATURE—NUISANCE.—It is not competent for the legislature to vest in an adjoining proprietor the power to prevent his neighbor from building such structure as he pleases, provided it is not a nuisance, and it is not a nuisance merely because it obstructs the passage of light and air.

ID.—ACT REGULATING DIVISION FENCES—CONSTITUTIONAL LAW.—The act of March 9, 1885, regulating the height of division fences and partition walls in cities and towns is a general law, and is to be construed so as to not render it unconstitutional; and so construed, it prevents the

erection of a partition wall or division fence resting upon the division line between adjoining proprietors more than ten feet in height; but it does not prevent the erection of any kind of a structure of greater height wholly upon the land of an adjoining proprietor, although such structure may prevent the passage of light and air into the windows of the adjoining building.

ID.—INJUNCTION AGAINST DIVISION FENCE—EFFECT OF JUDGMENT.—A defendant may be properly enjoined from erecting or maintaining any fence more than ten feet high on the division line, and may be required to remove all that portion of the division fence which is more than ten feet high, and be enjoined from obstructing the light and air coming from his premises into the windows upon the adjoining land by any division fence or wall more than ten feet high; but such judgment has no effect upon the right of the defendant to erect any structure of greater height upon his own land.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion.

*William L. Gill,* for Appellants.

No easement in light and air exists in this state, and the act of the legislature of March 9, 1885, regulating the height of division fences is unconstitutional. (Const., art. XI, sec. 11; Const., art. I, sec. 11.)

*D. W. Burchard,* for Respondent.

Even if the act of the legislature of March 9, 1885, is unconstitutional, the act of the defendant in building the fence upon the division line was illegal, and should be enjoined. (Deering's Code Civ. Proc., notes to sec. 526.) But the act is constitutional. (*Rideout* v. *Knox,* 148 Mass. 372–74; 12 Am. St. Rep. 560; *Wadleigh* v. *Gilman,* 12 Me. 403; 28 Am. Dec. 188; *Welch* v. *Hotchkiss,* 39 Conn. 144; 12 Am. Rep. 383; 18 Am. & Eng. Ency. of Law, 740.)

TEMPLE, C.—The defendants appeal from the judgment, and from a refusal of a new trial.

The appellants and respondent own adjoining lots in the city of San Jose. The complaint contains two

counts. The first describes plaintiff's lot, and avers that it has erected a building thereon for its offices, which building has six windows in the northerly wall, through which, only, light and air are or can be admitted into that portion of the building; and if such light and air be materially obstructed, said portion of plaintiff's building will become useless. Plaintiff has been using the building and office for more than six months.

Defendant owns the adjoining lot, which he occupies as a residence, but, until the grievances complained of, has never obstructed the passage of light and air over that part of his premises to plaintiff's building, and has no use whatever for that portion of his premises whereby said light and air would be obstructed.

Nevertheless, on the 19th of June, 1891, defendant commenced to build along the division line a solid board fence twenty feet high, in such manner as to prevent the passage of light and air into said windows. That the defendant has not obtained the permission of the city council to build such fence, nor has plaintiff ever consented thereto.

That defendant will build the fence unless enjoined, and plaintiff will suffer irreparable injury therefrom.

The second count adds an allegation that the building of the fence is wanton and malicious.

The court found the facts as stated in the first count of the complaint, but did not find that defendant was acting wantonly or maliciously.

The doctrine that a proprietor may by user acquire an easement over adjoining land for the passage of light and air does not prevail in this country, and, if it did, the facts stated in the complaint would be insufficient to show such easement. Indeed, no facts are averred or found which would give plaintiff any right whatever in the lands of defendant.

The sole ground, therefore, upon which the judgment is based is that the proposed structure is unlawful, and, as it interferes with the comfortable enjoyment of plain-

tiff's property, it is a private nuisance which may be enjoined or abated.

It is claimed to be unlawful, because it violates the provisions of the act of the legislature passed March 9, 1885, entitled, "An act regulating the height of division fences and partition walls in cities and towns."

The act consists of three sections, the first two of which read as follows: " SECTION 1. It shall be unlawful for any owner of real property in any city or town in this state, or any person having possession thereof, to construct, erect, build, permit or maintain upon such premises any fence or partition wall which shall exceed ten feet in height, without first obtaining a permit to do so from the board of supervisors or city council of the city or town in which said fence or wall is to be erected and maintained.

"SEC. 2. No permit to construct or maintain any fence or division partition wall having a greater height than ten feet shall be granted by the board of supervisors or city council of any city or town in this state, unless the person applying therefor, and to whom such permit is granted, shall first obtain and present to such board of supervisors or city council the written consent of the person or persons having ownership or possession of the adjoining premises affected thereby; *provided,* that where such fence or wall is constructed around a public garden, or place of public resort where an admission fee is charged, no signature or consent of adjacent owners shall be required."

The third section declares that a violation of section 1 shall be a misdemeanor, and provides a penalty.

It is contended that this act is unconstitutional.

1. It violates section 2, article XI, of the constitution, which confers upon counties, cities, and towns the power to make and enforce such police regulations as are not inconsistent with general laws. This position must be that the act is not a general law. This position cannot be maintained. It operates alike upon all who are

within the reason of the act. There are reasons in the nature of things why it should not affect some property.

2. It is claimed that it is unconstitutional, because it gives the owner of the adjoining property the power to prevent such a structure.

If the act must be construed as rendering it unlawful for the owner to erect such a structure upon his own land, although along the line, I think it is obnoxious to this objection. Merely owning the adjoining lot does not give the proprietor an easement over the property of another for the passage of light and air. Nor is it competent for the legislature to vest in such proprietor the power to prevent his neighbor from building such structure as he pleases, provided it is not a nuisance, and it is not such merely because it obstructs the passage of light and air.

The legislature cannot thus create an easement in favor of certain proprietors over the lands of another, nor declare the usual and ordinary use of property a nuisance when such use infringes upon the legal rights of no one.

The court found in this case that the plaintiff's windows open towards defendant's lawn.

That this portion of his premises shall be secluded and private may be a matter of great importance to defendant. That he has the right to secure such privacy, if he can, by building obstructions on his own land, has always been recognized by the courts.

In *Chandler* v. *Thompson*, 3 Camp. 89, Le Blanc, J., said: "That although an action for opening a window to disturb the plaintiff's privacy was to be read of in the books, he had never known such an action maintained, . . . . and that the only remedy was to build on the adjoining land, opposite to the offensive window."

Washburn lays down the rule as follows: "And the cases are uniform, that such adjacent owner may deprive his neighbor of the light coming laterally over his land by the erection of a wall, for instance, upon his land within the period of prescription, although he

may do it for the mere purpose of darkening his neigh-bor's windows." It is well settled that he may build upon his property, although the effect may be to entirely close the windows of his neighbor.

But if the statute is capable of a construction which will bring it within the legislative power, it should be so construed, rather than in a way to render it unconstitutional.

The power has been conceded to the legislature to provide for and regulate the construction of division fences. It may authorize their construction upon the boundary line that is resting partly upon the land of the adjoining proprietor. It may provide for the character of the fence which may be thus built, so as to make it certain that the adjoining proprietor, who may be compelled to contribute to the expense, thereby secures something of value. While there are expressions in the statute that might well be understood as prohibiting a structure inclosing defendant's lot more than ten feet high although not on the boundary line, still the language is entirely consistent with the other view, and we should therefore presume that it was the intent of the legislature to do that which it had the power to do.

It is said that the act forbids a partition wall as well as a fence, and that under the statute one may not build a house on his land extending to his boundary line without the consent of his neighbor. But understanding the law as simply applying to fences or walls built upon the line, and so resting partly upon the land of the adjoining proprietor, it takes nothing from the owner, for he could build no such wall upon his neighbor's land without his consent.

But I think the phrase "partition wall," in the first section, and "division partition wall," in the second, must be understood as applied to a wall which is merely a fence. "Partition wall" is not a phrase which in legal technology is used to designate a wall used by adjoining owners as a party wall. A party wall is always, at least in this state, such by agreement. A

division fence is provided for in our code. (Civil Code, sec. 841.)

Confining the operation of the statute to division fences, I see no objection to a requirement that it shall not be of such a character as to injure the neighboring proprietor. If my neighbor enjoys the privilege of resting his fence upon my land he may justly be prevented from inflicting special injury upon me by the structure which partly belongs to me, and to the expense of building which I may be made to contribute.

The finding is to the effect that plaintiff's building is about eighteen inches from the line, that defendant Knickerbocker commenced the construction of the fence "upon his said premises and upon said boundary line."

The evidence shows that there was already upon the boundary line a division fence, and that the defendant cut into this old fence to let in the framework of his new structure, which is therefore upon the old fence and partly upon the land of plaintiff.

By the decree defendant is enjoined from erecting or maintaining any fence more than ten feet high " on the division line," and is required to remove all that portion of the "division fence which is more than ten feet high," and he is enjoined from " obstructing the light and air coming from his said premises into the windows of said Granite and Marble Company by any division fence or wall more than ten feet high."

This shows how the trial court regarded the statute. The judgment has no effect upon the right of defendant to erect any kind of a structure upon his own land.

I think the judgment and order should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

FITZGERALD, J., DE HAVEN, J., McFARLAND, J.