[S. F. No. 2236.   Department One.—September 8, 1903.]

## JOSEPH KAISER, Respondent, v. LUIGI DALTO and SOPHIE DALTO, his Wife, Appellants.

APPEAL—ORDER GRANTING NEW TRIAL—REVIEW—SUPPORT OF JUDGMENT.
—Upon an appeal from an order granting a new trial, in the absence of an appeal from the judgment, the sufficiency of the complaint and findings to support the judgment cannot be reviewed.

ID.—NEW TRIAL—DECISION AGAINST LAW.—A new trial is a re-examination of an issue of fact; and the only cases in which the ground that

---

[1] 27 Am. Dec. 338, and note.        [2] 10 Am. Rep. 318.

the decision is against law may be urged upon motion for a new trial are where it constitutes a reason for the re-examination of an issue of fact, and where the court has failed to find upon a material issue raised by the pleadings. The moving party cannot be granted the right to re-examine an issue of fact to correct a wrong judgment upon facts correctly determined.

Id.—Failure to Find upon Issue—Ground not Urged.—The failure to find upon a material issue is not ground for a new trial, if not specifically urged, as a particular in which the decision is against law, in the statement, nor if there is no evidence in the record on such issue.

Trespass—Injunction—Insolvency of Defendants—Presumption—Immaterial Issue.—In an action to enjoin a trespass upon the lands of plaintiff in constructing a wall thereon, where the court fails to find upon the alleged insolvency of the defendants, they will be presumed solvent; but even if they are solvent, they will not be permitted to forcibly enter upon plaintiff's land, dig up the soil, and place a brick wall thereon to the exclusion of the plaintiff from the possession thereof; and the failure to find upon the issue as to their alleged insolvency is not material.

Boundaries—Monuments—Courses and Distances.—In determining the boundaries of city lots the lines as originally located on the surface must govern; and a line shown by monuments as platted by the city authorities and acquiesced in for many years must control courses and distances, and cannot be overturned by measurements alone.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion.

James A. Devoto, and Devoto, Richardson & Long, for Appellants.

A. Ruef, for Respondent.

COOPER, C.—This action was brought to enjoin the defendants from entering upon a strip of land, alleged to belong to plaintiff, along the north side of his lot, forty-six feet and six inches long and five and three-fourths inches wide, and from building a wall and committing other trespasses thereon. The case was tried before the court, findings filed, and judgment entered for plaintiff, granting the injunction as prayed. Defendants have not appealed from the judgment. They

made a motion for a new trial, which was denied, and this appeal is from the order denying the motion. The first point discussed in appellants' brief, and the one upon which they mainly rely, is, that the complaint and findings do not support the judgment, for the reason, it is said, that the defendants were in possession of the strip of land at the time the action was commenced, the acts of trespass were already committed, and that an injunction will not lie to prohibit mere trespassing upon the lands of another. We cannot examine the question upon this appeal. A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a court or jury or by referees. (Code Civ. Proc., sec. 656.) It may be granted on the ground, among others, of "insufficiency of the evidence to justify the verdict or other decision, or that it is against law." (Code Civ. Proc., sec. 657, subd. 6.) The phrase "or that it is against law," as used in the section, is certainly not a very clear or unambiguous expression. But it must be read in connection with the section immediately preceding it, and, as thus read, be a reason for a re-examination of an issue of fact. If the facts are correctly found, an erroneous judgment is but a wrong legal conclusion from such facts. The question of law as to whether or not the judgment is the correct legal conclusion from the facts found, might have been raised and determined by a motion in the court below (Code Civ. Proc., secs. 663, 663½), or by an appeal from the judgment. Defendants have not availed themselves of either remedy. They cannot now be granted the right to re-examine an issue of fact in order to correct a wrong judgment upon facts which were properly determined. It must now be regarded as the settled rule that where all the issues of fact raised by the pleadings are found upon by the court, and the findings are correct, that an erroneous judgment drawn from those facts cannot be corrected by means of a motion for a new trial. (*Martin* v. *Matfield*, 49 Cal. 45; *Brison* v. *Brison*, 90 Cal. 323; *Thompson* v. *City of Los Angeles*, 125 Cal. 271; *Swift* v. *Occidental Mining etc. Co.*, 70 Pac. 470.) It was held in *Knight* v. *Roche*, 56 Cal. 17, that where the court below fails to find upon a material issue raised by the pleadings, that the decision is "against law," and may be reviewed upon a motion for a new trial, for the

alleged reason that the question raised involves a re-examination of an issue of fact. Whether the reasoning of that case would commend itself to us, were the question an open one, need not now be considered. It is sufficient to say that the question is one of practice, and has been so long followed and acquiesced in that we must regard it as settled. (*Brown* v. *Burbank,* 59 Cal. 535; *Soto* v. *Irvine,* 60 Cal. 436; *Cummings* v. *Conlan,* 66 Cal. 403; *Spotts* v. *Hanley,* 85 Cal. 155; *Langan* v. *Langan,* 89 Cal. 186; *Nuttall* v. *Lovejoy,* 90 Cal. 163; *Adams* v. *Helbing,* 107 Cal. 301; *Haight* v. *Tryon,* 112 Cal. 6.) It is also settled that the failure to find upon an issue will not be ground for reversing a judgment otherwise correct, unless it appears by statement or bill of exceptions that evidence was given upon such issue. (*Himmelman* v. *Henry,* 84 Cal. 104; *Gregory* v. *Gregory,* 102 Cal. 52.) It is claimed that under the rule last stated a new trial in this case should have been granted for the reason that the pleadings raised an issue as to the insolvency of defendants which was not found upon by the court. If it be conceded that this was a material issue, the question cannot be raised here for the first time. In the statement on motion for a new trial, defendants specified the particulars in which they claimed the judgment was against law, under three separate heads, but not a word is said as to the failure of the court to find upon any issue. The alleged error, therefore, does not arise on this record. (*Haight* v. *Tryon,* 112 Cal. 6.) Nor do we regard the issue as material in this case. Injunctions for the unlawful trespassing upon the lands of another, under claim of right, are not confined to cases where defendants are insolvent and unable to respond in damages. In this case, in the absence of a finding, it will be presumed that defendants are solvent. But even if they are solvent, they will not be allowed to forcibly enter into and upon the plaintiff's land, dig up the soil, and build a brick wall thereon, to the exclusion of the plaintiff from the possession thereof. Defendants claim that the evidence is insufficient to support the finding that the title to the strip of land is in plaintiff. We have carefully examined the evidence and find it sufficient to support the finding. One Sanborn, a deputy in the city and county surveyor's office, testified from the official record made by the city and county

surveyor in March, 1868. This record was received in evidence without objection. The witness said that it showed the monumental lines from which Green Street was established, and that the strip of land was on plaintiff's side of the line by this survey. One Munch, a surveyor, testified that he made a survey of the plaintiff's lot November 3, 1895; that in making the survey he took the first survey on record in the city and county surveyor's office; that "in making an examination of those lines I found the original marks made in 1873, according to the diagram in the city and county surveyor's office, on the premises out in the fence in the rear and in the front I found them covered up by a board, and I knocked the board off, and I verified my own conclusions from the marks." The witness further testified that the land in contest was on plaintiff's side of the line, according to his survey. One Gibbs, a civil engineer and surveyor, testified in substance to the same effect as did Munch. He said "the north line of Kaiser's lot is a continuation of the fifty-vara line, and is the dividing-line of the fifty-vara lot." One Kohler testified that he owns considerable property on Reed Place and in the immediate vicinity; that he owns the fifty-vara lot on the east of plaintiff's lot; that there is an old building there, which was erected in 1866 or 1867, and he saw the old survey marks on the building; that the old house has been on the line ever since it was built and has always been considered correct; that the line is the same as made in 1868 and divides the fifty-vara lot in half; that the strip of land is on plaintiff's side of the line. One Irons, who formerly owned the lot now owned by defendants, testified that he owned it for about ten years and sold it in 1888; that while he was the owner of the lot now owned by defendants, and plaintiff was the owner of the lot on the south, they put up a bulkhead with a fence between their property on the westerly end from the front of Irons's house to Reed Place; that this bulkhead was built direct in line with the fence in the rear; that this line was agreed upon between plaintiff and witness "as being the true dividing-line between the two lots." Plaintiff testified to this agreement with Irons, and that the strip of land was within his boundaries, as per the agreed line. There is other testimony to the same effect, but the above is sufficient. The testimony of surveyors on the

part of defendants was sharply in conflict with the above as to the division-line by a survey by courses and distances. The defendants' surveyors took the monumental line of Green Street as they located it. They found an original line monument at a point on Union Street near Hyde, thence from the line of Union Street across the block to Green Street, a distance of two hundred and seventy-five feet, thence sixty-eight feet across Green Street, and thence sixty-eight feet and nine inches to the line of defendant's lot. These surveys may have been correct by courses and distances, but in the course of thirty or forty years a change in the position of the monuments or the surface of the earth might easily cause a variation of four or five inches. The lines as originally located must govern in such cases. The survey as made in the field, and the lines as actually run on the surface of the earth at the time the blocks were surveyed and the plats filed must control. The parties who own the property have a right to rely upon such lines and monuments. They must when established control courses and distances. A line, as shown by monuments and as platted by the city authorities, and as acquiesced in for many years, cannot be overturned by measurements alone.

We advise that the order be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Shaw, J., Van Dyke, J., Angellotti, J.