[L. A. No. 2822. In Bank.—March 25, 1912.]

In the Matter of the Estate of FANNY LETITIA KEATING, Deceased.

ESTATE OF DECEASED PERSON—ORDER SETTLING ACCOUNTS AND FOR DISTRIBUTION—APPEAL FROM ORDER DENYING NEW TRIAL—SUFFICIENCY OF FINDINGS TO SUSTAIN ORDER CANNOT BE REVIEWED.—On an appeal from an order denying a motion for a new trial, in a proceeding by executors for the settlement of the accounts and for the distribution of the decedent's estate, there being no appeal taken from the decree made in such proceeding, the sufficiency of the findings to sustain the decree cannot be reviewed.

ID.—NEW TRIAL LIMITED TO ISSUES OF FACT—DECISION AGAINST LAW.—Where there has been no error in determining any issue of fact or affecting the determination of any question of fact, there is no ground for a new trial. The grounds specified in section 657 of the Code of Civil Procedure, as grounds for a new trial, all refer to such errors, for it is established that the specified ground of the decision

being "against law," refers to a situation furnishing a reason for a re-examination of an issue of fact.

ID.—WHEN DECISION NOT AGAINST LAW.—A decision is not against law within the meaning of that section, when the only fault in the findings is that they do not support the legal conclusions drawn from them and the judgment based thereon.

ID.—REVIEW ON MOTION FOR NEW TRIAL AND APPEAL FROM ORDER DENYING.—No question of the sufficiency of the findings to support either conclusions of law or judgment can be considered on motion for a new trial, or on appeal from an order denying a new trial.

ID.—FINDINGS—EVIDENCE.—The findings that were assailed on the motion for new trial for alleged insufficiency of evidence to sustain them are held to be fully supported by the evidence.

APPEAL from an order of the Superior Court of San Diego County denying a new trial in a proceeding to settle executor's accounts and for the distribution of the estate of a deceased person.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

M. A. Luce, and Luce, Sloane & Luce, for Appellants.

Haines & Haines, Doolittle & Morrison, and Jerauld Ingle, for Respondents.

THE COURT.—After decision in Department a rehearing by the court in Bank was ordered, and upon further consideration of the case the opinion in Department written by Mr. Justice Angellotti is adopted as the opinion of the court.

The decision is as follows:—

"The deceased, Fanny Letitia Keating, was, at the time of her death, a resident of the county of San Diego in this state. She died testate, leaving a large estate.  Her property was located in this state and in the states of Missouri and Kansas. The California property aggregated in value over $200,000. The Missouri property, except for the rents hereinafter referred to, consisted entirely of real estate, having an estimated value of $175,000, and the Kansas property of real estate, having an estimated value of $21,300.  At the time of the settlement of the accounts of the executors there was on deposit in bank in Kansas City, Missouri, to the credit of the trustees under her will, $8,000, rents collected on such real property, and the evidence was sufficient to support a conclusion that a

very small portion of this amount had been collected by the agent of deceased prior to her death. The will provided for the disposition of certain specific personal property, the payment of a number of legacies, etc. (some of the legacies being charitable), the setting apart of $50,000 in trust, the income of which was to be paid to two sisters, and which $50,000, upon the death of the survivor of said sisters, was to form a part of the residue devoted to the trust hereinafter mentioned, and gave to the three trustees designated therein, being the same three persons who were appointed executors, all the rest and residue of her estate, to administer the same as a medical relief fund for the sick poor. By a codicil, she changed the amount to be set apart for her sisters from $50,000 to $80,000, and made some minor changes in regard to the trust for the sick poor, which it is not necessary to note here. The will and codicil were admitted to probate as the last will of decedent in the superior court of San Diego County. The executors caused duly authenticated and exemplified copies of the will and probate to be recorded in the proper counties in Missouri and Kansas, but letters testamentary have never been taken out or proceedings in administration had in either of said states. The executors proceeded with the administration of the California assets. In that administration all of the California property was reduced to money. From this money, all of the debts, charges and expenses of administration have been paid, and also all legacies and dispositions for purposes other than the trust for the sick poor, except the disposition for the benefit of the sisters. After payment from the California assets of the debts, charges and expenses of administration and legacies, there remained $37,624.80 of said assets for distribution as residue. No part of the Missouri or Kansas property has been sold or converted into money. The devises and bequests for charitable uses collectively exceeded one third of the entire estate of deceased by a very large amount. No limitation of the amount which may be given for charitable uses is made by the law of either Missouri or Kansas. The executors sought in the superior court a settlement of their final accounts and a distribution of the residue of the California assets. Certain heirs of deceased appeared and claimed that the executors should be compelled to sell the Missouri and Kansas property, and account to the California court therefor,

and that the proceeds of such sales and the income from such property prior to the sales should be distributed by the California court in such a manner that said heirs should receive, to the exclusion of the residuary devisees and legatees, the trustees of the trust for the sick poor, all of the same exceeding such amount as would leave disposed of for charitable uses one third of the entire estate of decedent.   (Civ. Code, sec. 1313.) The superior court distributed the $37,624.80 of California assets remaining for distribution, giving $23,833.07 thereof to said heirs as property 'not validly disposed of by said will,' and the remaining $13,791.73 to the trustees of the trust for the sick poor.  No one complains here of this disposition.  The court, sustaining the contention of the heirs, went further, and ordered:  1st, an accounting by the executors as to all income of the Missouri and Kansas property which had come under their control, whether accruing before or after the death of decedent; 2nd, an accounting by them each six months of all rents and profits hereafter accruing; 3rd, the sale by said executors, as soon as the same can advantageously be made, of the Missouri and Kansas realty; 4th, the setting apart of $80,000 of the proceeds of such sales for the benefit of the surviving sister and the payment of the income thereof to her as long as she shall live.  It was further ordered that jurisdiction of the estate be retained for the purpose of making all such further orders, judgments and decrees as may be necessary to the complete settlement of the estate and final distribution thereof.  It is of these matters that the executors complain on this appeal.

"The main contention of the heirs on the merits is, first, that the provisions of the will are such as to show that the deceased intended to dispose of her residuary estate as personalty, and the effect of that intention was to work an equitable conversion from realty to personalty of the Missouri and Kansas property, thus making the same subject to administration and distribution as personal property in and according to the law of this state, and, second, that, if the first claim be not good, the executors may be compelled by the California court to reimburse the California estate by paying thereto such proportion of the debts, charges and expenses of administration and legacies paid from the California assets as should, in justice, have been paid from the Missouri and Kansas property.

"Realizing fully the importance of these questions, and the strength of the argument made by learned counsel for appellants against the views adopted by the superior court, we nevertheless are forced to the conclusion that the contention of respondents to the effect that appellants can be given no relief on this appeal, must be sustained.

"There is no appeal from the decree or order made on settlement of accounts and petition for distribution, in other words, there is no appeal from the judgment. The only appeal is one by the executors from an order denying their motion for a new trial.

"The scope of the inquiry that can be made on motion for a new trial is thoroughly established by our decisions 'A new trial is a re-examination of an *issue of fact* in the same court after a trial and decision by a jury, court or referee.' (Code Civ. Proc., sec. 656.)   Where there has been no error in determining any *issue of fact* or affecting the determination of any question of fact, there is no ground for a new trial, and the grounds specified in section 657 of the Code of Civil Procedure, as grounds for a new trial, all refer to such errors, for it is established that the specified ground of the decision being 'against law' refers to a situation furnishing a reason 'for a re-examination of an issue of fact.' (*Kaiser* v. *Dalto,* 140 Cal. 169, [73 Pac. 829].)   A decision is not against law within the meaning of section 657 of the Code of Civil Procedure, when the only fault in the findings is that they do not support the legal conclusions drawn from them and the judgment based thereon. (*Swift* v. *Occidental M. Co.,* 141 Cal. 165, et seq., [71 Pac. 700].)   As said by the court, speaking through Chief Justice Beatty, in *Sharp* v. *Bowie,* 142 Cal. 467, [76 Pac. 66], 'Nothing can be considered on the appeal (appeal from order denying a new trial) that does not go to show that a re-examination of some issue of fact is necessary for the protection of the rights of the appealing party.'   It is overwhelmingly settled that no question of the sufficiency of the findings to support either conclusions of law or judgment can be considered on motion for a new trial, or on appeal from an order denying a new trial. (*Swift* v. *Occidental M. Co.,* 141 Cal. 165, [74 Pac. 700] ; *Kaiser* v. *Dalto,* 140 Cal. 169, [73 Pac. 829] ; *Sharp* v. *Bowie,* 142 Cal. 467, [76 Pac. 66] ; *Coburn* v. *California etc. Co.,* 144 Cal. 82, [77 Pac. 771] ;

*Great Western etc. Co.* v. *Chambers,* 153 Cal. 310, [95 Pac. 151]; *Mentone Irr. Co.* v. *Redlands etc. Co.,* 155 Cal. 324, [17 Ann. Cas. 1222, 22 L. R. A. (N. S.) 382, 100 Pac. 1082].)

"An examination of the record on this appeal demonstrates that the only contention of appellants that is worthy of serious consideration is one practically to the effect that the findings do not sustain the judgment. There was practically no conflict in the evidence as to any material fact, and all the material facts are fairly and fully set forth in the findings. It is true that there are in the statement on motion for a new trial specifications of insufficiency of evidence to sustain certain findings of fact, but the objections thereby made are not well based.

"That portion of finding IV reading as follows: 'That the inventory filed by said executors in the matter of said estate on December 4th, 1906, . . . is not a full or complete inventory of said estate,' is so attacked, but the remainder of the finding as made states clearly that such inventory included all such property as was actually in the state of California, and that the only property omitted therefrom was the real property located in the states of Missouri and Kansas, and the rentals of said real property. The finding as a whole, is in entire accord with the admitted facts, except possibly as to a small portion of the rentals, and even as to that, was sufficiently supported by the evidence.

"Finding VII is also attacked on the same ground. This finding declares that the residuary estate of decedent consists of the residue of the California assets, and also of the real property situate in the states of Missouri and Kansas (describing it), and the rents collected therefrom. The specification states that this conclusion is not sustained by the evidence 'for the reason that it appears from the evidence that all of said property in said finding described, is real estate and the rents and profits accruing therefrom since the death of said decedent, and is no part of the assets of said California estate, and is not subject to the jurisdiction of the courts of California.' Except as to the matter of the rents and profits, which we referred to in discussing finding IV, all of these facts are clearly shown by this and other findings, if appellant's claim that the will, which is also set forth in the findings, did not effect an equitable conversion of the foreign realty

into personalty, be correct. The finding that this property constitutes a portion of the residue of the estate in California is clearly a mere conclusion of the trial court based solely on the language of the will, and the theory that such will effected the equitable conversion of the realty into personalty, a theory maintained in the first formal conclusion of law. The record presents no warrant for the re-examination of any issue of fact in regard to this matter. What appellants are really complaining of is the conclusion of law drawn by the trial court from the facts found. It is also stated in this specification that the finding is not sustained for the reason that the evidence shows that the heirs had conveyed all their interest in the Missouri and Kansas property to the trustees under the will of deceased. Assuming that the evidence so shows, the property would not for that reason, cease to be a portion of the residue of the estate.

"Finding X, attacked for insufficiency of evidence to support it, is to the effect that the executors obtained the quitclaim deeds just referred to upon the representation that such deeds would facilitate the conversion of the realty into personalty and the settlement of the estate. If this finding is at all material it is amply sustained by the language of the document executed by the trustees within a few days after the execution of the deeds.

"Findings XI and XII, also attacked for insufficiency of evidence to support them, are entirely in accord with the evidence. The executors and trustees have not set apart or invested 'the sum of eighty thousand ($80,000) dollars or any part thereof as a fund' to pay the income thereof to the surviving sister, and they do hold the Missouri and Kansas real estate subject to a direction to set aside and invest said fund of $80,000 for such purpose. The fact that they, with the written consent of such sister, have elected to set apart until the sale thereof certain of the Missouri real property from the income of which her payments shall be made, in no way affects the correctness of the findings assailed.

"Finding XVI, so far as we can see, is not opposed to appellants' theory of what the evidence shows.

"The foregoing are the only findings attacked. The decision is not 'against law' within the meaning of section 657 of the Code of Civil Procedure (*Swift* v. *Occidental M. Co.,*

141 Cal. 165, [74 Pac. 700], and no claim is made that the trial court erred in the matter of the admission or exclusion of evidence.

"These are the only grounds specified in support of the motion for a new trial.

. "It is manifest, as said before, that appellants' real objection is that the lower court drew erroneous conclusions from the facts found and made its judgment accordingly. They make no answer to respondents' claim that such objections cannot be considered on motion for a new trial, and we do not see how, in view of the authorities, any sufficient answer can be made.

"The order denying a new trial is affirmed."