[Civ. No. 1384.   Second Appellate District.—December 18, 1915.]

# ELLEN HUDDLESTON TAFT et al., Respondents, v. HARRIETT WASHINGTON, Appellant.

PARTITION WALL—LOCATION—SUFFICIENCY OF EVIDENCE.—In this action by the owners of the south half of a city lot and of the remainder in fee of the north half against the life tenant of the latter half to compel the removal of a partition wall which the defendant at the time of the commencement of the action had commenced to construct in the building which covered the entire ·frontage, it is held that the evidence was sufficient to establish the fact that a portion of the partition wall was located upon the plaintiff's side of the dividing line.

ID.—REMOVAL OF WALL—COMPLETION PRIOR TO SERVICE OF RESTRAINING ORDER—POWER OF COURT.—In such an action the court has power to compel the removal of the partition wall, notwithstanding the wall was completed before the service of any restraining order.

ID.—TRESPASS—POWER OF COURT OF EQUITY—INJUNCTION.—A court of equity has power to compel cessation of a trespass irreparable in its character and of a continuing nature, and in the exercise of such power, removal of obstructions placed by the defendant upon the plaintiff's property may be enforced.

ID.—TEARING UP PIPES—INJUNCTION.—The court has also the power to enjoin the defendant from tearing up or disconnecting sewer and drain pipes, independent of any easement right which the plaintiff may have therein, as the accomplishment of such acts would constitute an injury to the inheritance.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John M. York, Judge.

The facts are stated in the opinion of the court.

John C. Stick, for Appellant.

Willis O. Tyler, for Respondents.

CONREY, P. J.—The plaintiffs are the owners of the south half of a lot which has a frontage of sixty feet and six inches on the west side of Spring Street, in the city of Los Angeles. The defendant is the owner of the north half of the lot for the term of her natural life, with remainder over to the plain-

tiffs. The entire frontage is covered by a two-story building which was erected in the year 1885 by Biddy Mason, predecessor in title of the parties to this action. The lower story of the building is divided into three storerooms. The upper story contains a number of rooms, to which access is obtained by a stairway located on the north side of the building. Plaintiffs alleged and the court has found that at the commencement of this action the defendant had under construction a wooden partition extending from front to rear of the middle storeroom through and near the center thereof and located partly on the south side of the true center line of the lot; also that the defendant threatened to tear up and disconnect certain sewer-pipes and drain-pipes which are located upon the north half of the premises and to destroy plaintiffs' access to the upper portion of the south half of the building by closing up the stairway; all of which was without the consent and was against the will of the plaintiffs. The judgment ordered the defendant to remove the said partition wall from plaintiffs' premises, that is to say, from the south half of the lot, and enjoined the defendant from tearing down or removing said pipes and drains or interfering with said stairway or committing any waste to the inheritance of the plaintiffs. From this judgment, and from an order denying her motion for a new trial, the defendant appeals.

Appellant now insists that in sundry specified particulars the evidence is insufficient to justify the findings of fact. None of these objections can be sustained. Defendant's answer did not deny that the partition was completed after the filing of the complaint herein. She merely alleged that it was already completed before any injunction issued herein was served upon her. The evidence is sufficient to establish the fact that a portion of the partition was, as found by the court, located upon the plaintiffs' side of the dividing line. The testimony of the surveyor, LeRoy I. Weeks, shows that the distance from the exterior line of the north wall of the building to the center of the south wall thereof is coincident with the width of the lot as claimed by both parties. The record shows that before erecting her building Mrs. Mason made a party-wall agreement with the owner of the lot adjoining her lot on the south which permitted her to erect a sixteen-inch wall, of which one-half would be on said adjoining lot. The fact that she did erect the building in accord-

ance with that party-wall agreement is sufficiently shown. For the defendant did not claim that the north wall of the building varies from the true north line of the lot, nor that the total width of the lot is other than the width alleged in the complaint  Therefore, the court was authorized to find in accordance with the testimony of Weeks with respect to the true location of the line of division between the south half of the property and the north half thereof. This line being established, appellant does not contend that a portion of the partition erected by her was not placed south of the line as thus located by the court.

There is no merit in the contention that, because the partition wall was completed before the service of any restraining order, removal of the wall cannot be compelled. "Where the act sought to be enjoined is only partially completed, an injunction will lie to restrain the completion of the threatened injury. And where suit is begun before the doing of the wrongful act and during the pendency of the suit the act is done by the defendant, the court will not thereby be deprived of its jurisdiction." (High on Injunctions, 4th ed., sec. 23.) The cases cited by appellant's counsel to support his proposition that wrongs already perpetrated cannot be corrected by injunction, all refer to restraining orders or injunctions *pendente lite,* the usual purpose of which is to preserve conditions as they are until after trial and judgment. There is no doubt that a court of equity has power to compel cessation of a trespass irreparable in its character and of a continuing nature, and that, in the exercise of such power, removal of obstructions placed by the defendant upon the plaintiffs' property may be enforced. (*Western Granite etc. Co.* v. *Knickerbocker,* 103 Cal. 111, [37 Pac. 192]; *Kaiser* v. *Dalto,* 140 Cal. 167, [73 Pac. 828]; High on Injunctions, 4th ed., sec. 708.)

The injunction granted by the judgment herein with respect to the tearing up and disconnecting of drain-pipes, etc., does not necessarily depend upon any easement right which the plaintiffs may have to the use of those appurtenances. It is sufficiently justified by the fact that the threatened acts, if accomplished, would constitute an injury to the inheritance of the plaintiffs in the north half of the property. The defendant has only a life interest in that property, and is not authorized to do any act to the injury of the inheritance.

(Civ. Code, sec. 818; *Crescent City Wharf etc. Co.* v. *Simpson,* 77 Cal. 286, [19 Pac. 426].)

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.