[Civ. No. 4336. First Appellate District, Division One.—December 1, 1922.]

## MARY J. O'MALLEY, Appellant, v. JAMES CARRICK, as Administrator, etc., Respondent.

[1] NEW TRIAL—NOTICE OF MOTION—FAILURE TO SERVE CODEFENDANT—JURISDICTION.—Where a verdict has been rendered in favor of the plaintiff and against the two defendants, the administrator and the administratrix of an estate, and one of such defendants moves for a new trial, the other being satisfied with the verdict and not joining in the motion, the trial court is not deprived of jurisdiction to entertain the motion because the moving party's codefendant was not served with the notice thereof.

[2] ID.—ERRORS IN INSTRUCTIONS—CLASSIFICATION.—Errors in the giving and refusing of instructions are "errors of law occurring at the trial" under the seventh subdivision of section 657 of the Code of Civil Procedure, and do not result in making a verdict one "against law" under the sixth subdivision of that section.

[3] ID.—VERDICT AGAINST LAW—UNSUPPORTED ORDER.—An order grant-
ing a motion for a new trial on the sole ground that the verdict
is "against law" cannot be sustained by showing that the trial
court erred in the giving and refusing of instructions.

APPEAL from an order of the Superior Court of the
City and County of San Francisco. George A. Sturtevant,
Judge. Reversed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

T. G. Crothers, Wm. M. Abbott, K. W. Cannon, Wm. M.
Cannon and I. M. Golden for Respondent.

KERRIGAN, J.—The plaintiff having recovered a verdict
against the defendants as administrator and administratrix
of the estate of Catherine Ross, deceased, the defendant
James Carrick served and filed a notice of intention to move
for a new trial. His codefendant, being satisfied with the
verdict, did not join in the motion. The motion was
granted, and the plaintiff appeals from the trial court's
order thereon.

[1] The first ground urged in support of the appeal is
that the trial court was without jurisdiction to entertain the
motion for a new trial for the reason that the moving
party's codefendant was not served with the notice thereof.
In making this point it is admitted by the appellant that it
is only those parties to the action or proceeding whose inter-
est would be adversely affected by the granting of the
motion for a new trial who need be served with the notice
thereof; but he argues that the interest of said Catherine
Nicholson would be so adversely affected, for the reason that
she, being an administratrix of the estate of the deceased,
had the right, if she were satisfied with the correctness of
the verdict, to insist that it be not disturbed; and that if
the verdict were set aside and a new trial granted it might
result in incurring further expenses against the estate.

We think it obvious, however, that this possible expense
to the estate is not sufficient upon which to predicate injury
to Catherine Nicholson, as administratrix, should the motion
be granted. The interest, to be injuriously affected, must be

an interest which is concerned in the litigation. Her interest in this action was as administratrix of an estate against which a verdict had been rendered. If as the result of the motion the verdict should be set aside the immediate result would be beneficial to her interest as administratrix rather than adverse, and this without regard to the fact that she might personally entertain the opinion that the verdict was just. She was not in this litigation actively supporting the plaintiff, or opposing her codefendant. She was simply quiescent, allowing her codefendant to bear the brunt of the plaintiff's attack. While in her answer she admitted the allegations of the complaint to be true, she did not join with the plaintiff in asking for the relief claimed. Under these circumstances her interest in the litigation would not have been injuriously affected by the granting of a new trial. (*Sprague* v. *Walton,* 145 Cal. 228 [78 Pac. 645]; *Ex parte Young,* 149 Cal. 173 [85 Pac. 145].)

The next ground urged in support of the appeal is that the order granting the motion for a new trial cannot be supported by the ground upon which it was made, namely, that the verdict is against law, and we think that this contention must be sustained.

The notice of intention to move for a new trial specified fourteen grounds upon which it would be made, the thirteenth being that the verdict is against law, and the fourteenth being "errors in law occurring at the trial and excepted to by the defendants." On the hearing of the motion the court, probably being a little skeptical of the defendant's charge that at the trial it had fallen into error fourteen times, according to the bill of exceptions, "asked counsel for the defendant to state the specific ground upon which the motion was based, whereupon and in response to said request by the court one of the counsel for the defendant stated that the motion was made upon the ground that the verdict is against law, and that he knew of no other ground on which to base it." And the order granting the motion contains the following: "The court is satisfied that the verdict is justified by the evidence and is not for excessive damages. Therefore the motion for a new trial is not granted upon the ground of insufficiency of the evidence to justify the verdict, nor upon the ground of excessive damages, nor upon any other ground than the one upon which the motion

was made and submitted, to wit, that the verdict is against law."

[2] In support of the order the respondent points out no particular in which the verdict is against law, but attempts to sustain the order by showing that the court erred in refusing to give certain instructions to the jury and in giving an incorrect instruction to them. Such matters, however, do not have for their effect to make a verdict "against law" under the sixth subdivision of section 657 of the Code of Civil Procedure, but are "errors of law occurring at the trial" referred to in the seventh subdivision thereof. In the case of *Brumagin* v. *Bradshaw*, 39 Cal. 24, 35, this matter was considered, and it is there said: "The statute in authorizing a new trial on the ground that the verdict is 'against law' evidently does not intend to include in that phrase all or any of the other several distinct and separate grounds of the motion which are specified in the act. Whatever may be the class of cases to which that phrase was intended to apply, it is clear that it has no application to cases falling within either of the other subdivisions into which the grounds for a new trial are divided by the statute."

Mr. Hayne, in his work on New Trial and Appeal, at section 99, at the conclusion of his discussion of this question, says: "The result of the foregoing examination is that the phrase 'against law' applies only to cases where it can be seen that the verdict of the jury was against the instructions." And the same author, at section 100, states: "Errors in law include errors in giving or refusing instructions to the jury"; and again, at section 127: "Errors in instructions are 'errors in law' occurring at the trial."

[3] It is thus seen that the alleged errors of the trial court in refusing to give certain instructions to the jury, or in incorrectly instructing them, are not matters which render the verdict one "against law," which is the specific ground upon which the order granting the new trial was made.

Cases are cited by the respondent to the effect that the appellate court is not bound by the particular ground upon which the order purports to be granted, but that it is our duty to uphold it if sustainable upon any ground upon which the motion was based. These cases have no application to the present situation for the reason that, according

to the record, the motion was made upon no other ground than the one upon which it was granted.

It is strenuously urged by the respondent that the motion was in fact made upon other grounds, including that of errors of law occurring at the trial; and in their brief they quote passages from a brief filed in the trial court upon the submission of the motion, which show that they did in fact argue other grounds for the granting of the motion. But this court is bound by the record upon appeal, and cannot permit it to be contradicted by matter contained in the brief filed. The respondent also points out that the statement in open court that the only ground upon which the motion was based was that the verdict is against law, was made by only one of the counsel in the case, and that the other several grounds enumerated in the notice of intention were not thereby waived. The record shows, however, that the statement was made by the particular counsel presenting the motion, and it contains nothing to indicate any dissent on the part of the other counsel. If they did not acquiesce in their associate's statement made in open court they should have taken means of bringing that dissent to the attention of the trial court. As the situation stands, the record shows that the motion was made upon one ground only and granted upon that ground. The order, as we have seen, is not sustainable upon that ground.

In view of this conclusion it is not necessary to consider other points urged by the appellant in support of his appeal.

The order is reversed.

Tyler, P. J., and St. Sure, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 29, 1923.

All the Justices concurred.