[Civ. No. 17041.   Second Dist., Div. Three.   Mar. 8, 1950.]

JULES E. RENFER et al., Appellants, v. E. C. SKAGGS, Respondent.

Harvey, Rimel & Harvey and Milford W. Dahl for Appellants.

Charles E. Hobart for Respondent.

VALLÉE, J.—Appeal from an order granting a motion for a new trial. The order reads as follows: "Motion for a new trial, argued and submitted on September 29, 1948, is now by the Court granted."

The action is for the recovery of $1,000 paid by plaintiffs to defendant on the purchase price of property hereafter described. The complaint alleged the making of a written contract for the sale by defendant to plaintiffs of a machine shop, its equipment, and the right to use the defendant's name, priority, and all contracts made by him to the date of the contract, for $3,000. It was alleged that plaintiffs were induced to make the contract by reason of false and fraudulent representations made to them by the defendant. The alleged

false representations were: 1. The business was profitable and had a regular gross monthly income averaging between $4,000 and $5,000. 2. Defendant had existing incomplete contracts to produce processed war materials which would be included in the sale. 3. Certain machinery and jigs were then located in the machine shop. 4. The machine shop and its equipment had a fair market value of $3,245. The complaint also alleged that plaintiffs promptly rescinded the contract upon discovering the alleged fraud and a common count for money had and received.

The answer admitted the contract and denied the fraud and rescission. The defendant filed a cross-complaint for recovery of the balance of the purchase price. Plaintiffs answered the cross-complaint denying there was any balance due and realleging the fraud and rescission. The court found generally in accord with the allegations of the complaint and against the allegations of the cross-complaint and rendered judgment for plaintiffs. Defendant moved for a new trial which, as stated, was granted. Plaintiffs appeal from the order.

Appellants' specification of error is that since the order granting a new trial does not specify insufficiency of the evidence to sustain the decision as a ground on which the new trial was granted, it must be conclusively presumed that it was not based on that ground (Code Civ. Proc., § 657); that there was no other valid ground upon which it could be based; hence the order must be reversed. Respondent asserts that the order was based upon the ground that the decision was "against law."

The phrase "against law" used in section 657 of the Code of Civil Procedure as one of the causes for granting a new trial is not entirely clear. (*Mosekian* v. *Ginsberg,* 122 Cal.App. 774, 776 [10 P.2d 525].) In a general sense a decision is "against law" if there is any valid legal cause whatsoever for a new trial. The statute, however, in authorizing the granting of a new trial on the ground that the decision is "against law" does not include in that phrase all, or any, of the other several distinct and separate causes of the motion which are specified in section 657. (*Brumagim* v. *Bradshaw,* 39 Cal. 24, 35.) The statute makes the cause that the decision is "against law" a distinct cause of a motion for a new trial. It is nonetheless a distinct cause because of the circumstance that it is found in the same subdivision of the section as another cause of a motion, the "insufficiency of the evidence" to justify the decision. The two are stated in the disjunctive.

They are alternatives. They are objections of an entirely different order. When we say that the evidence is insufficient to justify the decision, we mean that there is an absence of evidence or that the evidence received is lacking in probative force to establish the proposition of fact to which it is addressed. (*Estate of Bainbridge,* 169 Cal. 166, 170 [146 P. 427].) "An order granting a new trial on the ground that the verdict [decision] is against law cannot be sustained by merely showing that it is unsupported by the evidence." (*Hawkinson* v. *Oesdean,* 61 Cal.App.2d 712, 716 [143 P.2d 967].)

The phrase " 'against law' refers to a situation furnishing a reason 'for a re-examination of an issue of fact.' " (*Estate of Keating,* 162 Cal. 406, 410 [122 P. 1079].) If the court fails to find on material issues made by the pleadings—issues as to which a finding would have the effect to countervail or destroy the effect of the other findings—and as to which evidence was introduced, the decision is "against law." In such a case, a reexamination of the facts is necessary in order that the issues of fact may be determined. (*Swift* v. *Occidental Mining etc. Co.,* 141 Cal. 161, 167 [74 P. 700] ; *Kaiser* v. *Dalto,* 140 Cal. 167, 169-170 [73 P. 828].) This rule, of course, does not apply where the fact is implied by law, where the fact is immaterial, where the fact is admitted by the pleadings, where the situation is such that it can be said that if the court had found on a material issue it would have been in such a way as to support the judgment, or where the correction of defective or omitted findings, or findings outside the issue, would not change the result. Where the findings are so inconsistent, ambiguous, and uncertain that they are incapable of being reconciled and it is impossible to tell how a material issue is determined, the decision is "against law." (*Nuttall* v. *Lovejoy,* 90 Cal. 163, 167 [27 P. 69].) We find an intimation in *Biaggi* v. *Ramont,* 189 Cal. 675, 677 [209 P. 892], and in *Will* v. *Southern Pacific Co.,* 18 Cal.2d 468, 474 [116 P.2d 44], that a decision is "against law" if the evidence is "insufficient in law and without conflict in any material point." (189 Cal. 677.) There is no contention in the present case, and could not be, that the evidence is insufficient in law or without conflict.

If the findings which are made necessarily dispose of the case, the decision is not "against law." (*Brison* v. *Brison,* 90 Cal. 323, 328 [27 P. 186] ; *Sharp* v. *Pitman,* 166 Cal. 501,

505 [137 P. 234]; *Chamberlain* v. *Abeles*, 88 Cal.App.2d 291, 299 [198 P.2d 927].) The decision is not "against law" because the conclusions of law or the judgment are not supported by the findings. (*Pierce* v. *Willis*, 103 Cal. 91, 93, 94 [36 P. 1080]; *Churchill* v. *Flournoy*, 127 Cal. 355, 361 [59 P. 791]; *Petaluma Pav. Co.* v. *Singley*, 136 Cal. 616, 618 [69 P. 420]; *Estate of Keating*, 162 Cal. 406, 410 [122 P. 1079].) "Where there has been no error in determining an issue of fact or affecting the determination of any question of fact there is no ground for a new trial" on the cause that the decision is "against law." (*Webb* v. *Los Angeles Ry. Corp.*, 134 Cal.App. 637, 642 [26 P.2d 26].)

Respondent's argument is "that if there had been an erroneous application of the law at the trial to the evidence, the presumption of the sufficiency of the evidence would be overcome and that then the decision is against the law." He says "appellants were making this deal primarily to get the business location of the respondent and his AA-1 priority rating" and refers us to certain evidence which he says supports this statement. In the course of referring us to that evidence he argues its effect. He says it thus appears that the misrepresentations alleged in the complaint were not material representations on which appellants relied; that as they received the business location and the priority, they obtained the very things they were seeking to purchase and there had been no misrepresentations. Continuing, respondent asserts that if the court on the motion for a new trial decided that the priority was what the plaintiffs really wanted to buy, "then its previous findings that the other alleged representations were material and false and relied on by plaintiffs were erroneous, and its conclusions of law and judgment were also wrong" and the decision is "against law."

The written contract of sale covered not only the location and the priority but also the machine shop complete with all equipment, tools and rights, the right to use respondent's name and all contracts made by him to the date of the contract. The evidence supports the finding that the representations alleged in the complaint were material and the inference therefrom that appellants were seeking to purchase not only the location and the priority but the other items listed in the contract.

The effect of respondent's argument is that because on the motion for a new trial the court may have drawn different conclusions from the evidence than it drew in its findings, the

decision—the findings of fact (Code Civ. Proc., § 632)—is "against law." The argument goes solely to the sufficiency of the evidence to justify the decision. Respondent says that the court should have found originally that the alleged misrepresentations were not material and did not induce plaintiffs to make the purchase. This is saying that the findings are contrary to the evidence; that the evidence is lacking in probative force to establish the allegations of the complaint. This is the meaning of "insufficiency of the evidence" to justify the decision as used in section 657 of the Code of Civil Procedure. (*Estate of Bainbridge*, 169 Cal. 166, 169-170 [146 P. 427].)

Since the order granting a new trial did not specify that it was granted on the ground of the insufficiency of the evidence to sustain the decision, it is conclusively presumed that it was not based on that ground. (Code Civ. Proc., § 657.) Our research discloses only three situations in which it has been held that a decision is "against law"; 1. Where the court fails to find on a material issue as previously explained. 2. Where the findings are so inconsistent, ambiguous, and uncertain that they are incapable of being reconciled and it is impossible to tell how a material issue is determined. 3. The evidence is "insufficient in law and without conflict in any material point." The court did not fail to find on any issue of fact. The findings are consistent, unambiguous and certain. The evidence is sufficient in law to support the findings. The decision is, therefore, not "against law." As we have seen, the contention is without merit that if the court on the motion for a new trial decided that the priority was what the plaintiffs really wanted to buy, its conclusions of law and judgment were "against law." No legal reason is shown for a reexamination of any issue of fact.

The findings made dispose of the case. No error appears in the determination of any question of fact. In accord with *Ballard* v. *Pacific Greyhound Lines*, 28 Cal.2d 357, 361 [170 P.2d 465], we have considered the entire record on which the order was based to discover whether there is any error which would justify the trial court in making the order, to see if there is any ground—with the exception of insufficiency of the evidence—on which the order can be upheld. We have found none. Respondent does not suggest that the order was made for any cause other than that it was "against law."

The decision not having been "against law" the order must be reversed. (*Pierce* v. *Willis*, 103 Cal. 91 [36 P. 1080]; *Will* v. *Southern Pacific Co.*, 18 Cal.2d 468 [116 P.2d 44]; *Hawkinson* v. *Oesdean*, 61 Cal.App.2d 712 [143 P.2d 967]; *Webb* v. *Los Angeles Ry. Corp.*, 134 Cal.App. 637 [26 P.2d 26]; *O'Malley* v. *Carrick*, 60 Cal.App. 48 [212 P. 45].)

Order reversed.

Shinn, P. J., and Wood, J., concurred.