[L. A. No. 18690.   In Bank.   Oct. 31, 1944.]

ALFRED D. MITCHELL et al., Appellants, v. CEAZAN
TIRES, LTD., Respondent.

Action by lessor against lessee for declaratory relief.   Judgment for defendant reversed.

L. D. Uhlman for Appellants.

Charles J. Katz, Alfred Gitelson, Mose Katzen and Samuel W. Blum for Respondent.

TRAYNOR, J.—On March 21, 1940, plaintiffs leased to defendant corporation, a wholesale dealer in automobile tires and tubes, then in possession under an earlier lease since 1937, for a three-year term to begin July 25, 1940, certain premises located at 1147 American Avenue in the city of Long Beach, used by defendant as one of several wholesale outlets for its business. The lease provided among other things that ''The Lessee shall have full control and occupancy of the buildings upon said premises and may sublet or sublease. any part or portion thereof to any acceptable and responsible person, but the Lessee is to be liable for the rentals herein reserved and for the performance of all the conditions of this lease imposed upon the Lessee.

''The premises hereby leased are to be used for the conduct of an automobile tire business and other related businesses such as automobile supplies, and in no event for a business that would increase fire hazard or insurance rates.''

On December 11, 1941, the federal government issued an order restricting the sale of automobile tires and tubes to persons assigned to A-3 or better preferential rating. On December 30, 1941, the Office of Price Administration promulgated a series of Tire Rationing Regulations, which superseded earlier regulations. The regulations were revised on February 11, 1942, to include recapped and retreaded tires. On February 23, 1942, plaintiff received written notice from defendant that it had concluded that the effect of the governmental regulations on the sale of tires excused it from further performance under the lease, and that it would quit the premises on February 25, 1942. Defendant vacated the premises and plaintiffs brought this action on March 3, 1942, seeking a judgment declaring that the lease remained in effect. The trial court found that the total amount of business transacted by defendant in California, Arizona and Nevada in the year 1941, was approximately $2,000,000 without indicating what proportion of the business was transacted at the Long Beach establishment and that the business transacted by defendant from December 11, 1941, to February 25, 1942, totaled $2,500. It concluded that the effect of the government regulations on

defendant's business excused it from further performance under the lease. From the judgment declaring the lease terminated plaintiff appeals.

■ Since the sale of new and used tires remains lawful although on a restricted basis, no question of illegality or impossibility arises. The problem is one of commercial frustration of the purpose and value of a lease where wartime regulations have operated to restrict the business being engaged in on the leased premises. The principles applicable are those declared in *Lloyd* v. *Murphy, post,* p. 48 [153 P.2d 47], where the same problem was involved. The lease in the present case is less restrictive than the lease in *Lloyd* v. *Murphy, supra,* for it authorizes the lessee to engage in "other related businesses such as automobile supplies" and permits subleasing "any part or portion thereof to any acceptable and responsible person."

Defendant has proved neither that the risk of war and governmental regulations restricting the free sale of new automobile tires was not reasonably foreseeable nor that the value of the lease has been virtually destroyed. The lease in the present case was executed on March 21, 1940, when the entry of this country into the war was the subject of much debate, so that such an event was not so remote as to be unforeseeable. Even assuming that such an event and its effect upon civilian tire production and consumption were outside the reasonable contemplation of the parties, the lease nevertheless retained value for defendant.

There is nothing in the lease prohibiting the sale of reconditioned tires. It is common knowledge that there is a great demand for such tires and those presently engaged in the business meet this demand by recapping and retreading old tires and selling them to consumers. Furthermore, the lease provides that the premises may be freely used for "other related businesses such as automobile supplies." If defendant finds it impractical, unprofitable or for other reasons does not wish to engage in any other business than as an exclusive agency for the sale of a particular brand of new tires it may nevertheless freely sublease the premises. Defendant has not proved or offered to prove that the leased premises on American Avenue, one of the principal traffic arteries in the city of Long Beach, are not commercially desirable or adaptable to use for the "other related businesses" authorized by the lease.

Defendant contends that frustration is a question of fact resolved in its favor by the trial court. The excuse of frustration, however, like that of impossibility, is a conclusion of law drawn by the court from the facts of a given case, and although the trial court found both as a finding of fact and as a conclusion of law that the defendant's business was "frustrated" and "unlawful" and "impossible," the evidence does not establish that the sale of new tires was made illegal or impossible, or that the purpose of the lease was frustrated. Nor does the finding that the lawful conduct of the businesses specified in the lease was an implied condition of the lease rendered impossible by the governmental regulations aid defendant for there is nothing to show that such businesses were made illegal.

The judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Schauer, J., concurred.