[Civ. No. 3171. Fourth Dist. Apr. 19, 1945.]

THE ARISTOCRAT HIGHWAY DISPLAYS, INC. (a Corporation), Appellant, v. D. S. STRICKLEN, Respondent.

Mack, Werdel & Bianco for Appellant.

West & Vizzard for Respondent.

MARKS, J.—This is an appeal from a judgment for defendant in an action to recover the rental of two highway advertising signs which plaintiff erected for defendant on Highway 99, north and south of Bakersfield.

The written contract was dated October 14, 1941, and provided that defendant pay plaintiff $75 per month for thirty-six months for the use of the signs. It contained an acceleration clause in the event of failure to pay the monthly rental and also the following:

"Total number of displays 2. Illuminated? Yes. . . . Any loss of advertising, damages or delays caused by the Act of God, strikes, labor conditions, or other cause beyond the control of Aristocrat Highway Displays, Inc., shall be satisfied by Advertiser being accorded suitable and co-extensive advertising in extended service at the expiration hereof."

On December 16, 1941, the Board of Supervisors of Kern County passed an emergency ordinance which contained the following:

"Section 4. The maintenance or leaving of any illumination, except within a blackout structure, without provision for its extinguishment, within one minute after the commence-

ment of a period of air raid alarm by a competent person over the age of eighteen years attendant at the place where such illumination is controlled, is hereby prohibited.''

On August 5, 1942, Lieutenant General J. L. DeWitt issued a proclamation which, after that date, prohibited the electrical illumination of such highway advertising signs as are involved here.

While the contract did not so provide, the parties agree that the two signs were to be illuminated by electric lights.

The evidence is not clear on the question of when work on the two signs started but it is probable that the actual work of placing them along the highway was started after December 7, 1941. Plaintiff discontinued work on them on January 23, 1942. They were completed except that they were not wired and had no electric lights on them. They were never illuminated.

The parties negotiated in an endeavor to agree upon a rental to be paid by defendant for these unilluminated signs. The negotiations failed and defendant paid plaintiff nothing.

On September 30, 1942, this action was brought to recover $2,700, the total rental specified in the contract for the three-year period. The action was brought on the contract. At the conclusion of the trial, judgment was rendered for defendant, and properly so, because plaintiff was not prevented from fully performing its obligations under the contract by the ordinance of Kern County which did not prohibit the illumination of the signs if the conditions under which illumination was permitted were met. These conditions simply made performance by plaintiff more difficult and expensive.

As was said in *Lloyd v. Murphy*, 25 Cal.2d 48 [153 P.2d 47], ''Thus laws or other governmental acts that make performance unprofitable or more difficult or expensive do not excuse the duty to perform a contractual obligation.'' Under the facts of that case and the conclusions there reached we must conclude that the parties before us contracted with the danger of war a foreseeable event and should have provided for it in their contract or be subject to the inference that the risk of war was assumed. (See, also, *Mitchell v. Ceazan Tires, Ltd.*, 25 Cal.2d 45 [153 P.2d 53].)

As plaintiff failed to perform its obligations under its contract, and as the illumination of the sign was not pre-

vented at least until August 5, 1942, it needs no citation of authorities to support the conclusion that it could not recover in an action on the contract.

After judgment went against it plaintiff moved for a new trial. A new trial was granted on stipulation of the parties to the effect that plaintiff might file an amended complaint setting up a second cause of action; that the first cause of action with allegations identical to those of the original complaint be submitted on evidence already taken during the first trial; that evidence be taken on the second cause of action at a second trial.

An amended complaint was filed on March 1, 1943. The second cause of action alleged in effect that defendant was indebted to plaintiff in the sum of $2,700 for labor, services and materials furnished at defendant's request and for which he promised to pay. It is admitted that ownership of the signs remained in plaintiff and that defendant had no interest in them. Defendant did not promise to pay for the labor and materials used in constructing the boards. His obligation was to pay a monthly rental for the advertising after the signs were completed. Thus the cost of the boards and their installation had no direct bearing on the case.

■ Plaintiff introduced evidence over the strenuous objection of defendant that the reasonable rental value of the unilluminated sign boards was $60 per month. The answer contained an allegation that the unilluminated boards had no value whatsoever. This was supported by evidence produced by defendant and the trial judge found in accordance with this evidence. Under these circumstances the judgment must be affirmed.

■ Plaintiff maintains that it can recover under the provisions of the contract already quoted by agreeing to give defendant an extended period of service after the term specified in the contract.

■ There are persuasive reasons why this argument cannot be sustained. In the first place the obligation of defendant to pay rental did not accrue until the advertising signs were completed. As they were never completed it is difficult to understand how any acceleration clause in a contract could become effective on an obligation to pay money before the obligation became due. ■ An acceleration clause advances the date of payment of future instalments when there is de-

fault in a payment. If there is no default there is no acceleration. ██ Further, the extended service clause became effective where failure to perform was caused by something beyond the control of plaintiff. The ordinance did not render performance by plaintiff impossible, only more difficult and expensive, which did not excuse plaintiff from performing. If plaintiff had illuminated the signs and had fully performed its obligations under the contract up to August 5, 1942, then it might be argued that further performance was prevented by the proclamation of Lieutenant General DeWitt. It clearly appears that the failure to perform was caused more by the failure of plaintiff to put itself in a position to be able to perform than by the proclamation. As plaintiff could not perform because it did not wire its signs, its failure to perform could not be charged to the proclamation.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.