[Civ. No. 17054. Second Dist., Div. One. Apr. 5, 1950.]

GLENS FALLS INDEMNITY COMPANY (a Corporation), Respondent, v. NICK PERSCALLO, Defendant and Appellant; STEVE BULICH, Intervener and Appellant.

R. R. Colby and Joseph D. Taylor for Defendant and Appellant.

Marshall Stimson and Noel Edwards for Intervener and Appellant.

John E. McCall for Respondent.

DRAPEAU, J.—Plaintiff bonded the defendant Nick Perscallo for the faithful performance of a contract with the State of California to build a portion of the state highway. The defendant failed to complete his contract, and the plaintiff was required under the terms of the bond to pay for its completion. Plaintiff advanced money to the defendant for payments to workmen and for material. Then, after the defendant was put off the job, plaintiff compromised with the state for payments made by the state to contractors who finished the work.

Defendant delivered to plaintiff his promissory note for

$40,000, for part of plaintiff's advances. To secure payment of the note, defendant also delivered to plaintiff a chattel mortgage of construction machinery. Thereafter all of the machinery was sold, except a power shovel, and the proceeds applied upon the note. This left only the shovel subject to the chattel mortgage.

Action was brought by the plaintiff for the unpaid balance of the note, and also for advances not included in the note.

Steve Bulich intervened, and alleged that the shovel belonged to him.

After trial these issues were submitted to the court. Fifty-seven thousand thirty-one dollars and thirty-one cents ($57,031.31) was found and adjudged due from defendant to plaintiff. This included the balance due on the note, interest, attorneys' fees, and other advancements.

As to the shovel, the court found that the lien of the chattel mortgage was superior to the claimed ownership of the intervener. It was therefore adjudged that the shovel be sold, and the proceeds applied to the amount found due on the note and secured by the chattel mortgage, $25,588.61; any balance remaining to go to the intervener.

From the judgment both defendant and intervener have appealed.

Defendant contends: (1) that the evidence does not support the finding of the amount due on the note; (2) that the compromise payment to the state was not included within the powers given to plaintiff by the bond; (3) that the court made no finding on defendant's presented issue of impossibility of performance of his contract with the state; and (4) that the court erroneously allowed interest on advances not secured by the note, which included interest on the compromise payment.

Examination of the record shows substantial evidence which supports the finding of the balance due on the note; examination of the provisions of the bond shows that the plaintiff had the power to compromise the state's claim.

The finding on impossibility of performance is included within the finding of ultimate fact that the defendant "failed and neglected to pay for labor and materials in accordance with said contract and failed and neglected to complete the said contract in accordance with its terms, all in violation of the terms of said bond," and findings are to

be liberally construed to support the judgment. (2 Cal.Jur. 871.)

■ Defendant's contention as to impossibility of performance of the contract may be stated by quoting from his brief:

"The second defense was that the alleged contract with the State of California had been terminated and the performance excused by unanticipated circumstances designated as commercial frustration, without fault of the defendant; that the State of California cancelled the contract thereby releasing the defendant from all obligations thereon.

"The third defense was that because of large war orders, the prohibition against sale of materials necessary to defendant, the issuance of inadequate priorities, the performance of the contract by the defendant was made impossible; that the contract had been executed when the parties contemplated that the materials would be available *but the contemplated means of performance ceased thereafter to exist* and by reason thereof the defendant was discharged from further performing and the condition of the bond was not broken.

"The fourth defense alleged that it was impossible for the defendant to carry out the contract with the State except by violation of law and rule and regulations of war; that the performance of the contract was made impossible by the act of law."

The excuse of commercial frustration, like that of impossibility, is a conclusion of law drawn by the court from the facts of a given case. (*Mitchell* v. *Ceazan Tires, Ltd.*, 25 Cal. 2d 45 [153 P.2d 53].)

If the possibility of governmental regulation is reasonably foreseeable there can be no commercial frustration of a contract. Mere difficulty, or unusual or unexpected expense does not establish frustration or impossibility of performance of a contract. (*Dorn* v. *Goetz*, 85 Cal.App.2d 407 [193 P.2d 121]; *McCulloch* v. *Liguori*, 88 Cal.App.2d 366 [199 P.2d 25]; *Aristocrat Highway Displays* v. *Stricklen*, 68 Cal.App.2d 788 [157 P.2d 880]; *Lloyd* v. *Murphy*, 25 Cal.2d 48 [153 P.2d 47].)

The contract was dated December 13, 1941. The Japs attacked the United States at Pearl Harbor December 7, 1941. For months before Pearl Harbor any American citizen should have been able to foresee the imminence of war with the Axis powers. So the defense of commercial frustration does not help the defendant under the facts in this case.

■ With reference to interest on advances not included

in the note, no determination of value was involved. The amounts advanced were definite and certain.

The law awards interest upon money from the time it becomes due and payable, if such time is certain or can be made certain by calculation. (*Pitzer* v. *Wedel*, 73 Cal.App. 2d 86 [165 P.2d 971].) Under the contract in this case the defendant's obligation to pay plaintiff commenced when the advancements were made. Interest may be collected from the time payment is due. (*Upton* v. *Gould*, 64 Cal.App.2d 814 [149 P.2d 731].) Nothing in *Perry* v. *Magneson*, 207 Cal. 617, 622 [279 P. 650], cited by defendant, is contrary to this conclusion.

■ Intervener contends that the pledge of the shovel was not good because it was being purchased on a conditional sales contract, which contract defendant assigned to him. The assignment was two years after the date of the chattel mortgage. Defendant and intervener were relatives; defendant had employed intervener for many years.

A vendee's interest in a contract of purchase and sale may be made the subject of a chattel mortgage. (*Pacific States S. & L. Co.* v. *Strobeck*, 139 Cal.App. 427 [33 P.2d 1063].)

In an able memorandum of opinion the trial judge says: ". . . the evidence leads to the conclusion that the payment by the intervenor Steve Bulich of the balance due under said conditional sale contract was a payment made for and on behalf of defendant Perscallo by virtue of a loan of money by Bulich to Perscallo . . . Therefore, the assignment of the conditional sale contract by the vendor to Bulich avails Bulich nothing as against plaintiff, except the right to any proceeds of the sale upon foreclosure in excess of the amount due plaintiff under the chattel mortgage (it being only a remote possibility that there will be any such excess in this case)."

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

The petitions for a rehearing were denied April 20, 1950, and defendant and appellant's and intervener and appellant's petitions for a hearing by the Supreme Court were denied June 1, 1950. Carter, J., and Schauer, J., voted for a hearing.