[Civ. No. 878. Fifth Dist. Oct. 7, 1968.]

PAUL SCHMELTZER, Plaintiff and Appellant, v. ALBERT GREGORY et al., Defendants and Respondents.

William R. Lundgren for Plaintiff and Appellant.

LaCoste, Keller, Reid & Azevedo, Edward C. Keller and Norman S. Reid for Defendants and Respondents.

CONLEY, P. J.—The plaintiff, Paul Schmeltzer, in a trial by the court without a jury, won a judgment against Gregory Specialty Company, Inc. and Gregory Manufacturing Company, Inc., two California corporations, for $29,150, together with an additional $500 as attorneys' fees and costs, as the result of a contract for personal services, which was rendered impossible of completion through the sale by Albert Gregory, president of both corporations, of the plant for manufacturing can ends. A motion for new trial by the defendants was granted ". . . upon all issues presented to the court in said case." The issues, as shown by the notice of intention to move for a new trial, were as follows:

"1. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law." [It should be noted that there are two grounds contained in the excerpt. One is insufficiency of the evidence, and the second is that the judgment is against law.]

"2. Error in law, occurring at the trial and excepted to by the party making the application."

■ The opinion in the recent case of *Mercer* v. *Perez,* 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315], construing the present provisions of section 657 of the Code of Civil Procedure, makes it clear that, as no reasons were given in support of "insufficiency of the evidence to justify the verdict," it is "conclusively presumed" that the order on that ground is insufficient and furnishes no reason in law for granting the motion for a new trial. The same authority also holds that, as there is no statement of the reasons for an objection to the damages, nothing having to do with a specific award of damages can be depended upon as a legitimate reason for granting a new trial.

■ The court did not specify any " [e]rror in law occurring at the trial and excepted to by the party making the application," as required by section 657 of the Code of Civil Procedure in its present form; the use of this ground for the ruling without a statement of the reasons therefor constituted error by the trial court (*Treber* v. *Superior Court,* 68 Cal.2d 128, 136 [65 Cal.Rptr. 330, 436 P.2d 330]), but would not deprive this court on appeal from considering such error if it existed. However, our consideration of the evidence in the case fails to show the presence of any such error.

 It is clear that the only possibly valid ground for granting the new trial is that the judgment in the case ''. . . is against law.'' In *Treber* v. *Superior Court, supra,* 68 Cal. 2d 128, 133-134, it is said: ''This conclusion is rendered unassailable by the circumstance that in the present case the ground on which the motion was granted was 'errors in law.' In adjudicating an appeal from a new trial order predicated on that or any ground other than insufficiency of the evidence or excessive or inadequate damages, the reviewing court is governed by the fourth paragraph of the 1965 amendments to section 657: codifying the common law rule in this respect (see *Kauffman* v. *Maier* (1892) 94 Cal. 269, 275-277 [29 P. 481, 18 L.R.A. 124], followed in many cases), the statute declares that on such an appeal 'the order shall be affirmed if it should have been granted upon *any* ground stated in the motion, *whether or not specified* in the order or specification of reasons' (italics added). This court observed in *Kauffman* that 'A contrary rule might work great injustice,' explaining (at pp. 276-277 of 94 Cal.) that 'A party has the right to move for a new trial upon any or all of the grounds permitted by the statute, and if the record on which his motion is based discloses more than one ground for which a new trial should be granted, the court cannot, by stating in its order that the motion is granted upon one ground only, and denied upon the others, deprive the other party of the right to a review by this court of the entire record. . . . If there be any grounds upon which its action can be upheld, the order will be sustained, *irrespective of the particular ground given by that court,* whether in an opinion or by a statement in the order itself.' (Italics added.)

''Under this rule we have deemed ourselves bound to affirm a new trial order upon an error in law which was not only not the ground specified by the trial judge, but was apparently not even within his contemplation at the time of his ruling. (*Malkasian* v. *Irwin* (1964) 61 Cal.2d 738, 745-749 [40 Cal. Rptr. 78, 394 P.2d 822].) It follows that a failure of the trial judge to specify *any* ground—and *a fortiori* any reason for a ground actually stated—cannot be held to render the order void from its inception. The reviewing court remains under an express statutory duty to affirm such an order if the record will support any ground listed in the motion.''

 The authorities indicate that a decision is against law when there is a failure to find on a material issue, or when the findings are irreconcilable or where the evidence is insufficient

in law and without conflict on any material point. (*Renfer* v. *Skaggs,* 96 Cal.App.2d 380 [215 P.2d 487]; *Kralyevich* v. *Magrini,* 172 Cal.App.2d 784, 789 [342 P.2d 903].)

██ The *Renfer* case, *supra,* discusses this matter at page 383, as follows: "The phrase ' "against law" refers to a situation furnishing a reason "for a re-examination of an issue of fact." ' (*Estate of Keating,* 162 Cal. 406, 410 [122 P. 1079].) If the court fails to find on material issues made by the pleadings—issues as to which a finding would have the effect to countervail or destroy the effect of the other findings—and as to which evidence was introduced, the decision is 'against law.' In such a case, a reexamination of the facts is necessary in order that the issues of fact may be determined. (*Swift* v. *Occidental Mining etc. Co.,* 141 Cal. 161, 167 [74 P. 700]; *Kaiser* v. *Dalto,* 140 Cal. 167, 169-170 [73 P. 828].) This rule, of course, does not apply where the fact is implied by law, where the fact is immaterial, where the fact is admitted by the pleadings, where the situation is such that it can be said that if the court had found on a material issue it would have been in such a way as to support the judgment, or where the correction of defective or omitted findings, or findings outside the issue, would not change the result. Where the findings are so inconsistent, ambiguous, and uncertain that they are incapable of being reconciled and it is impossible to tell how a material issue is determined, the decision is 'against law.' (*Nuttall* v. *Lovejoy,* 90 Cal. 163, 167 [27 P. 69].) We find an intimation in *Biaggi* v. *Ramont,* 189 Cal. 675, 677 [209 P. 892], and in *Will* v. *Southern Pacific Co.,* 18 Cal.2d 468, 474 [116 P.2d 44], that a decision is 'against law' if the evidence is 'insufficient in law and without conflict in any material point.' (189 Cal. 677.) There is no contention in the present case, and could not be, that the evidence is insufficient in law or without conflict."

The pleadings in the amendment to the answer include two affirmative defenses as follows:

"THAT AS A FURTHER, SEPARATE AND DISTINCT FIRST AFFIRMATIVE defense, these answering defendants allege that the termination of the business arrangement between the plaintiff and these answering defendants was necessitated by the business consideration, to wit: that said business of the manufacturing and sale of can-ends could not be continued at a profit to these answering defendants.

"THAT AS A FURTHER, SEPARATE AND DISTINCT SECOND affirmative defense, these answering defendants allege that

plaintiff has failed to mitigate his damages in that on or about and from and after the 30th day of April, 1965, plaintiff has wholly failed to make any reasonable effort or any effort at all to seek like employment or any employment at all.''

Neither of these special defenses was included in a finding by the court. With respect to the first affirmative defense, namely, that the business arrangement between the plaintiff and the defendants, which resulted in a termination of their relationship by the defendants was the result of excessive difficulty or impracticability in carrying on the manufacturing, appellants contended that this excused the termination of the business and the ending of the contract as between the plaintiff and the defendants. The leading case which sets forth this modern trend relative to the defense of impracticability is *Mineral Park Land Co.* v. *Howard,* 172 Cal. 289 [156 P. 458, L.R.A. 1916F 1]; in that litigation, the defendants, who were building a bridge, contracted to buy all of the gravel which they might need for the construction work from plaintiff's pits. After using several loads, they refused to accept more on the ground that the rest of the gravel was under water and that the expense of removal and preparation by drying would be over ten times as great as originally contemplated. The court said that ''To all fair intents then, it was impossible for defendants to take it. 'A thing is impossible in legal contemplation when it is not practicable; and a thing is impracticable when it can only be done at an excessive and unreasonable cost.' ''

This modern trend has modified the standard rule which formerly existed in all cases that unforeseen difficulty or expense did not constitute impossibility, as illustrated by *Carlson* v. *Sheehan,* 157 Cal. 692 [109 P. 29]; *Wilmington Transp. Co.* v. *O'Neil,* 98 Cal. 1 [32 P. 705]; *Aristocrat Highway Displays, Inc.* v. *Stricklen,* 68 Cal.App.2d 788 [157 P.2d 880]; Rest., Contracts, § 467; 1 Witkin, Summary of Cal. Law (1960) Contracts, § 259, p. 290. While this modern exception to the general rule is not frequently encountered, there is authority in a proper case to apply the change. (See *People* v. *Meyers,* 215 Cal. 115 [8 P.2d 837]; 4 Cal.L.Rev. 407-409; *City of Vernon* v. *City of Los Angeles,* 45 Cal.2d 710 [290 P.2d 841]; Rest., Contracts, § 454.)

Evidence was given on behalf of the defendants that there was a questionable availability of capital to carry on the business; that sales to some degree were disappointing; that various losses had been encountered by the Gregory com-

panies, and it did not appear to Mr. Gregory that there could be profit from a continuation of the manufacturing; testimony was also given on behalf of the defendant that both Mr. Gregory and Mr. Schmeltzer had from the very beginning agreed that they would carry on the business only if it would prove a money-making deal, and that Mr. Schmeltzer refused, after due consideration, to purchase the can end machinery and thus to become owner of the industry. On the other hand, Mr. Schmeltzer was much more optimistic with regard to the venture; there was evidence that Mr. Gregory had told him, after the sale of the manufacturing property, that he had made $5,000 profit on the sale of the machinery; that the company which had bought the business was carrying it on apparently in a successful way, and that there were plenty of can ends to be made in this territory. In other words, there was a distinct conflict of evidence relating to the special affirmative defense, and the first special defense merited a specific determination by the court.

The second affirmative defense also should have compelled a finding as to whether or not Mr. Schmeltzer had exercised reasonable attempts to cut down the damages by securing employment of the same kind from other can or can end manufacturers. It would seem that the expression by the trial court of this ground for granting the new trial was legitimate. The judgment to the effect that a new trial should be afforded the defendants, therefore, was not incorrect.

The order granting the new trial is affirmed.

Gargano, J., concurred.