PEOPLESOFT U.S.A., INC., Plaintiff,

v.

SOFTECK, INC., Defendant.

No. C–01–2817 PJH.

United States District Court,
N.D. California.

Sept. 19, 2002.

Jason T. Anderson, Stuart C. Clark, Carr & Ferrell LLP, Palo Alto.

Glenn L. Allen, Marc R. Wall, Philip S. Ward, Hassard Bonnington LLP, San Francisco.

## ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

HAMILTON, District Judge.

Plaintiff's motion for summary judgment came on for hearing on September 18, 2002, before this court, the Honorable Phyllis J. Hamilton presiding. Plaintiff appeared by its counsel Stuart C. Clark, and defendant appeared by its counsel Helene E. Swanson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court

hereby GRANTS the motion for the following reasons.

## BACKGROUND

This is a breach of contract case. Plaintiff PeopleSoft U.S.A., Inc. ("PeopleSoft"), which is based in California, designs and sells business software products. Defendant Softek, Inc. ("Softek"), which is based in Puerto Rico, provides software development services. In March 2000, the parties entered into a "Software License and Services Agreement." Pursuant to this agreement, PeopleSoft agreed to provide Softek with software, and Softek agreed to pay license and maintenance fees, which were noncancellable and nonrefundable, as well as installation and training fees. The agreement specified that the right to use PeopleSoft's software was exclusively for the purpose of facilitating the internal data processing operations of the Transportation Division of Softek's customer Policia de Puerto Rico ("Policia"—the Police Department of Puerto Rico).

After the agreement was signed, PeopleSoft had shipped the software and billed Softek. Unfortunately, Policia decided for some reason not to use the software. Softek advised PeopleSoft of the situation, and returned the software, unopened. Softek also told PeopleSoft that while it considered Policia's decision to be a contractual violation, it "prefer[red] to avoid further controversies with the Policia and the Government of Puerto Rico" because they were important customers for Softek's future projects. Nonetheless, PeopleSoft demanded to be paid. Softek has apparently agreed to pay $87,931.63 of the amount in dispute, which represents charges for training expenses and airfares. However, Softek argues that it should not have to pay the $150,000 license fee for the software it returned to PeopleSoft.

PeopleSoft filed this action on July 23, 2001, alleging a single cause of action for breach of contract. Softek asserted 17 affirmative defenses. PeopleSoft now seeks summary judgment, arguing that the facts are undisputed regarding the existence of the contract, PeopleSoft's performance thereunder, Softek's non-performance, and damages, and that there is no triable issue with regard to any of Softek's affirmative defenses.

Softek opposes the motion, arguing that triable issues exist with regard to the defenses of frustration of purpose, mistake, impossibility and impracticability of performance, mitigation of damages, failure of consideration, unconscionability, and also with regard to whether the contract contained an implied condition that Policia accept the software (not pled separately, but part of the frustration defense).

## DISCUSSION

A. Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56. Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* The court may not weigh the evidence, and is required to view the evidence in the light most favorable to the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Id.* If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505.

### B. Plaintiff's Motion for Summary Judgment

PeopleSoft argues that summary judgment should be granted on its breach of contract claim because it has established the existence of contract, performance by PeopleSoft, nonperformance by Softek, and damages. Softek does not dispute that the parties had a contract, that PeopleSoft performed, and that Softek did not. Softek contends, however, the existence of disputed issues of material fact regarding its affirmative defenses precludes summary judgment. Softek claims that it should be released from its contractual obligation to pay PeopleSoft because its own sublicensee, Policia, opted not to go forward with the purchase of the software.

### 1. Impossibility, impracticability, and frustration of purpose

■ Softek asserts, based on the language of the contract, that the purpose of the contract between PeopleSoft and Softek was for Softek to obtain software from PeopleSoft and provide it to Policia. The agreement states that Softek

shall only use the Software solely for the benefit of Policia de Puerto Rico, Transportation Division and ... shall ensure that Policia de Puerto Rico, Transportation Division, uses the Software solely for the internal purposes and in compliance with all the terms and conditions of [the agreement].

It further provides that Softek shall not

[d]istribute, disclose, market, rent, lease, license, or transfer to any third party any portion of the Licensed Rights [or] use the Licensed Rights other than to process internal data for Licensed Customer Policia de Puerto Rico, Transportation Division,

and shall not

[a]uthorize or permit Employees or Designates to use the Licensed Rights other than solely for internal data [for] Licensed Customer, Policia de Puerto Rico, Transportation Division.

Softek claims that when Policia decided it did not want the software, the purpose of the contract was frustrated and performance became impracticable. While performance by Softek (payment for the software) was still technically possible, Softek's reason for entering into the contract was destroyed and the performance therefore lost its value. Softek likens this case to cases in which an unforeseen event, such as a fire or a court order, makes it impossible for the purpose of the contract to be fulfilled. Softek claims that Policia's cancellation of the order could not be fairly regarded as within the risks Softek had assumed when it entered into the agreement.

PeopleSoft responds that the defense of frustration of purpose is not available here, because Softek expressly assumed the risk of Policia's nonperformance and because its own conduct in not enforcing remedies against Policia was the cause of the situa-

tion in which it found itself. PeopleSoft cites to three provisions in the contract:

Except as otherwise provided for herein or in a Schedule, all payment obligations are noncancellable and nonrefundable. Except for [Softek]'s obligation to pay PeopleSoft or to assume obligations for taxes, duties, and custom fees, neither party shall be liable for any failure to perform due to causes beyond its reasonable control.

[Softek] is responsible for and guarantees all payment to PeopleSoft on behalf of itself and of its customer, Policia de Puerto Rico.

Based on these three provisions, PeopleSoft contends that Softek expressly agreed to pay for the software and services, regardless of any intervening events. PeopleSoft also notes that Softek chose not to seek to enforce its agreement with Policia, based upon its own desire to preserve some sort of beneficial business relationship between itself and Policia.

Although both the doctrine of impossibility and the doctrine of frustration of purpose developed from the commercial necessity of excusing performance in cases of extreme hardship, and although the two doctrines are somewhat similar to each other, frustration is not a form of impossibility. *Autry v. Republic Productions*, 30 Cal.2d 144, 147–49, 180 P.2d 888 (1947); *Lloyd v. Murphy*, 25 Cal.2d 48, 53, 153 P.2d 47 (1944). There is no impossibility of performance when one party has performed as agreed and all that remains for the other party to do is pay the agreed compensation. *Browne v. Fletcher Aviation Corp.*, 67 Cal.App.2d 855, 862, 155 P.2d 896 (1945). Thus, here, it is not impossible for Softek to perform, because performance consists of paying for the software.

■ Softek argues that even if performance is possible, it would be extremely impracticable because the purpose of the contract has been frustrated. In applying the frustration excuse, courts look first to see whether the fundamental reason of both parties for entering into the contract has been frustrated by an unanticipated supervening circumstance, which substantially destroys the value of the performance by the party standing on the contract. *Waegemann v. Montgomery Ward & Co., Inc.*, 713 F.2d 452, 454 (9th Cir. 1983).

Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

Rest.2d, Contracts § 261. The excuse of commercial frustration is a question of law, to be determined by the court from the facts of the case. *Glens Falls Indem. Co. v. Perscallo*, 96 Cal.App.2d 799, 802, 216 P.2d 567 (1950). To excuse nonperformance of a contract on the ground of commercial frustration, 1) the basic purpose of the contract, which has been destroyed by the supervening event, must be recognized by both parties to the contract, *Brown v. Oshiro*, 68 Cal.App.2d 393, 397, 156 P.2d 976 (1945); *Dorn v. Goetz*, 85 Cal.App.2d 407, 410–11, 193 P.2d 121 (1948); 2) the event must be of a nature not reasonably to have been foreseen, *Gold v. Salem Lutheran Home Ass'n of Bay Cities*, 53 Cal.2d 289, 291, 1 Cal.Rptr. 343, 347 P.2d 687 (1959); *Dorn*, 85 Cal.App.2d at 412–13, 193 P.2d 121; and the frustration must be so severe that it is not fairly to be regarded as within the risks that were assumed under the contract, *FPI Dev., Inc. v. Nakashima*, 231 Cal.App.3d 367, 398–99, 282 Cal.Rptr. 508 (1991); and

3) the value of counterperformance to the promisor seeking to be excused must be substantially or totally destroyed, *Dorn*, 85 Cal.App.2d at 412–13, 193 P.2d 121.

■ The purpose of the contract was the licensing of the software to Softek, so that it could be licensed to Policia, along with the provision of associated services. Softek did not seek to obtain software for its own use or the use of any entity other than Policia. PeopleSoft contends, however, that the parties expressly contracted with the awareness that Policia might not pay for the software, and that Softek expressly assumed the risk of this eventuality by agreeing that "all payment obligations are noncancellable and nonrefundable" and by agreeing to "guarantee all payment to PeopleSoft on behalf of itself and … Policia."

Softek maintains that it was not reasonably foreseeable that Policia would fail to implement the software nor that the Puerto Rican Treasury Department would reverse its prior position and decide that Policia could not use the PeopleSoft program to interface with the Treasury Department's existing software. Softek notes that the contract expressly states that the purpose of the agreement is to provide Policia with PeopleSoft's software, and it is not reasonable to interpret the language of the contract as meaning that Softek accepted the risk that Policia would decide not to implement the software.

"[T]he question whether a risk was foreseeable is quite distinct from the question whether it was contemplated by the parties. … When a risk has been contemplated and voluntarily assumed … foreseeability is not an issue and the parties will be held to the bargain they made." *Glenn R. Sewell Sheet Metal, Inc. v. Loverde*, 70 Cal.2d 666, 676 n. 13, 75 Cal.Rptr. 889, 451 P.2d 721 (1969). The court finds that the language of the contract plainly assigns the risk of Policia's noncooperation to Softek. Thus, Softek cannot avoid liability by means of the defenses of frustration or impracticability.

## 2. Unconscionability

■ PeopleSoft argues that Softek cannot establish that the contract was unconscionable. Unconscionability has both a substantive and a procedural component. *A & M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 486, 186 Cal.Rptr. 114 (1982). For a contract to be unenforceable, there must be both procedural and substantive unconscionability, although there may be an inverse relationship between the two elements. *Patterson v. ITT Consumer Fin. Corp.*, 14 Cal.App.4th 1659, 1664, 18 Cal.Rptr.2d 563 (1993).

> The procedural component focuses on the factors of oppression and surprise. Oppression results where there is no real negotiation of contract terms because of unequal bargaining power. "Surprise" involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in a prolix form drafted by the party seeking to enforce the disputed terms. The substantive component of unconscionability looks to whether the contract allocates the risks of the bargain in an objectively unreasonable or unexpected manner.

*Coast Plaza Doctors Hosp. v. Blue Cross of Calif.*, 83 Cal.App.4th 677, 688, 99 Cal. Rptr.2d 809 (2000) (citations omitted).

Unconscionability is ultimately a question of law for the court. *American Software, Inc. v. Ali*, 46 Cal.App.4th 1386, 1391, 54 Cal.Rptr.2d 477 (1996). The court finds that the agreement at issue in this case is neither procedurally nor substantively unconscionable. It is undisputed that the parties—both sophisticated business entities—freely negotiated the contract. The allocation of the risk of non-

payment by Policia is plainly stated in the agreement, and while this provision may be one-sided, it is not objectively unreasonable or unexpected.

### 3. Mitigation of damages

■ Softek contends that a triable issue exists with regard to whether PeopleSoft has mitigated its damages by selling the software that Softek claims it returned to PeopleSoft unopened. The court finds that the defense of mitigation of damages is not available here, because PeopleSoft seeks to enforce an express term of a contract for payment and therefore has no duty to mitigate.

### 4. Remaining affirmative defenses.

The remaining defenses either are subsumed under the frustration/impracticability defense, or must be dismissed because Softek has not met its burden on summary judgment.

### CONCLUSION

In accordance with the foregoing, the court hereby GRANTS plaintiff's motion for summary judgment. This order fully adjudicates the motion listed at No. 20 on the clerk's docket for this case, and terminates the case and any pending motions.

**IT IS SO ORDERED.**